CASE 56—PETITION EQUITY—MARCH 5.

# Wilson, &c., v. Aultman & Taylor Co.

APPEAL FROM MONTGOMERY COURT OF COMMON PLEAS.

1. MORTGAGES—APPOINTMENT OF RECEIVER.—In a suit to enforce a mortgage lien the court has no power to order a sale of the mortgaged property in advance of a decision upon the merits.    Section 299 of the Civil Code authorizes the appointment of a receiver only for the

purpose of preserving the property for the benefit of both parties, and not for the purpose of selling it.

2. A PROVISION IN A MORTGAGE AUTHORIZING THE MORTGAGEE TO SELL the property in the event of the mortgagor's default is void, and confers no authority either upon the mortgagee or upon the court.

V. B. YOUNG, CORNELISON & McKEE FOR APPELLANTS.

1. An order appointing a receiver may be superseded when coupled with an order directing a sale of the property to be taken possession of by him. Section 298 of the Civil Code does not authorize a sale of the property.

2. Section 299 of the Civil Code does not authorize the appointment of a receiver *by the judge in vacation.* Any action under this section must be taken by the court in session at a regular term.

TYLER & APPERSON FOR APPELLEES.

Section 299 of the Civil Code authorizes the judgment rendered in this action.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee instituted its action in the Montgomery Circuit Court against the appellants to foreclose a mortgage, executed by the appellants to the appellee on a grain thresher, &c., and to obtain personal judgment on the notes executed for said thresher.

The appellee also asked the judge of the court, in vacation, in Richmond, Ky., for an immediate sale of the property, and the appointment of a receiver to execute the same, upon the grounds that the conditions of the mortgage had not been performed; that the property was insufficient to pay the mortgage debt; that there was danger of the property being materially injured, and becoming depreciated in value. The appellees resisted said motion because of the want of power in the judge to order a sale before foreclosure, and the fact that the appellee was in-

debted to the appellants in a large sum as damages
for a breach of warranty, which the appellants pro-
posed, at the proper time, to rely on as a counter-
claim.   The judge refused to hear any evidence as to
said damages, and ordered the sale of the property.
The appellants have appealed from said order.

Section 299 of the Civil Code provides: "That in
an action for the sale of mortgaged property, a re-
ceiver may be appointed if it appear that the prop-
erty is in danger of being lost, removed, or mate-
rially injured ; or that the condition of the mortgage
has not been performed, and that the property is
probably insufficient to discharge the mortgage debt."

It appears that if the property is in danger of be-
ing lost, removed, or materially injured, a receiver
may be appointed to take charge of it, although it
is at present more than sufficient to pay the debt if
it appear its sufficiency might be impaired by the
happenings of either one of three conditions named ;
also the fact that the condition of the mortgage has
not been performed, and the mortgaged property is
probably insufficient to pay the debt, is sufficient to
authorize the appointment of a receiver.

It seems, according to the foregoing section, that
the judge in vacation has no power to appoint a
receiver, except to take and keep the possession of
the mortgaged property, to receive rents, collect debts,
bring and defend suits, &c., and that the power of
the judge does not extend to ordering a sale of the
mortgaged property.   It is true that the judge in
vacation, in case perishable property is attached, &c.,
has the power to order its sale.   The Code expressly
gives him this power, but the power is not given him

in case of a suit for the sale of mortgaged property.

In the former case the attachment bond protects the person whose property is attached in case his property is wrongfully sold, &c., but in the latter case there is no such protection by bond. Hence the judge is not allowed to order a sale of the property in advance of the regular foreclosure sale, because such action would deprive the mortgagor of the title to his property in advance of the appointed time for a decision upon the merits, involving the right of a foreclosure sale of it, and which advanced sale would deprive the owner of his property, although he might successfully resist the foreclosure sale. Hence, upon the grounds mentioned in the Code, a receiver can only be appointed to take charge of the property in order to preserve it, &c., for the benefit of both parties. But it may be said that inasmuch as the appellee, by the terms of the mortgage, was given the power to sell the property, in case of the appellant's default of payment, at private sale, it gave the judge the power to order said sale; but it seems to us, as the appellee could not sell the property under said power (see Kentucky Trust Company of Louisville v. Lewis, 82 Ky., 579, overruling Hahn v. Pindell, 3 Bush, 189, in that regard), the judge can derive no authority from that power. It does not have the effect of giving the appellant's consent to said sale. So far as the authority to the appellee to sell is concerned, it is void, and the power can not be vitalized so as to give the judge the authority; and as the judge had no other authority to order the sale, his order in that particular was void.

The judgment ordering the sale is reversed, and the cause is remanded, &c.